DISSENTING OPINION

Meyers, J.,
filed a dissenting opinion.
The majority concludes that the taint of the illegal GPS device used to track Appel-lee’s movements had dissipated by the time Appellee consented to a search of his vehicle. Because the search of Appellee’s vehicle was a direct result of the unconsti- , * tutional tracking, I cannot agree with the majority’s decision.
Even though the majority is hesitant to label it as such, this stop was obviously made on a pretense with the officers hoping to be able to search the car. However, even though there was consent to search, there was never an untainted reason to request such consent in the first place. If you were to consider this as. a random stop, there is nothing in the record that indicates that a search of the car would have been justified. There was nothing suggesting that illegal items would be found in the car, nor did the officers discover any outstanding warrants. Therefore, there existed no reason, independent of the illegal GPS tracking, for the officers to ask for consent to search the car.
What has actually taken place here would be as if the officers had entered a moped in the Tour de France, and then the majority justified the officers’ triumph by saying that their cyclist had not taken performance-enhancing drugs.[1] The cyclist’s clean drug test is not an intervening circumstance that removes the taint of the illegal moped, just as verification of Appel-lee’s speeding does not remove the taint of the illegal GPS tracking. I believe the consent to search Appellee’s vehicle and his subsequent confession about the methamphetamine are tainted by the unconstitutional GPS tracking by the officers. For this reason, I would affirm the judgment of the court of appeals and, therefore, I respectfully dissent.

. For all you non-cycling enthusiasts, a moped is a bicycle with a gasoline engine and is comparable to what we have here-an automobile with a tracking device.